UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 24-cr-18-pp

LORENZO J. WASHINGTON,

        Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (DKT. NO. 24), ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. 23) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE (DKT. NO. 13)**

On March 8, 2024, the defendant filed a motion to dismiss Count One of the indictment, which charges the defendant with unlawfully possessing a firearm after having been convicted of a crime punishable by more than one year in prison in violation of 18 U.S.C. §922(g)(1). Repeating the same arguments that many defendants in this district charged with violating §922(g)(1) have raised over the past year, the defendant argued that §922(g)(1) is unconstitutional and that the government cannot prove that "its firearms regulations are part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). Judge Duffin issued a short order recommending that this court deny the motion to dismiss because §922(g)(1) is neither facially unconstitutional nor unconstitutional as applied to the defendant. Dkt. No. 23.

1

The defendant objected, arguing that the undersigned had yet to rule on the issue (which, at that time, was correct). Dkt. No. 24 at 2. In particular, the defendant took issue with the fact that in opposing his motion during the litigation before Judge Duffin, the government had "attached a brief in a pending Seventh Circuit appeal out of the Northern District of Illinois, *United States v. Glen Prince*, App. No. 23-3155 (7th Cir.), which it sought to incorporate by reference." Id. at 2. The defendant told this court that he'd argued to Judge Duffin that the government couldn't meet its burden by incorporating a brief filed in another case in another district. Id. The defendant asserted that Judge Duffin was obligated to "roll up his sleeves" and "undertake the text-and-history inquiry the [*Bruen*] Court so plainly announced and expounded upon at great length." Id. at 3 (quoting Atkinson v. Garland, 70 F.4th 1018, 1022 (7th Cir. 2023)). The defendant maintained that the government had not identified "a single historical law short of those resulting in the death penalty that permanently abridge felons' right to bear arms." Id. at 4. He concluded that "[b]ecause the historical record demonstrates that felons were not permanently denied the right to bear arms before the twentieth century, the government has failed to establish the existence of a well-established and representative tradition of disarming individuals with felony convictions at the time of the Founding Era." Id. at 5. The government did not respond to the defendant's objections.

Federal Rule of Criminal Procedure 59(b) governs a district court's referral to magistrate judges of motions to dismiss in criminal cases. Parties

have fourteen days to file "specific objections" to a magistrate judge's report and recommendation on a motion to dismiss. Fed. R. Crim. P. 59(b)(2). The district judge must review *de novo* the portions of the magistrate judge's recommendations to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).

The defendant timely filed his objections to Judge Duffin's recommendation just weeks before this court decided United States v. McCaa, Case No. 23-cr-8-pp, 2024 WL 2991332 (E.D. Wis. June 14, 2024). In McCaa, as here, the defendant asserted that his criminal history lacked evidence of violence and argued that the government could not meet its burden under the framework articulated in Bruen because (1) "[t]he historical record demonstrates that laws prohibiting non-violent felons from possessing arms did not appear until the 20th century," and (2) "[a]t the time that the Second Amendment was ratified, there were not any felon-in-possession laws on the book, nor were there any other firearms restrictions that were meaningfully similar to § 922(g)(1)." McCaa, Case No. 23-cr-8, Dkt. No. 88 at 6 (citing Dkt. No. 56 at 9-10); Dkt. No. 88 at 38 (citing Dkt. No. 69 at 38).

This court rejected McCaa's facial and as-applied challenges to §922(g)(1). Regarding the facial challenge, the court found that "the government . . . satisfied its burden to show that §922(g)(1) is facially constitutional because it 'is part of the historical tradition that delimits the outer bounds of

3

the right to keep and bear arms.'" McCaa, 2024 WL 2991332, at *19. Regarding the as-applied challenge, the court concluded that "[t]he defendant ha[d] not 'provide[d] [a] historical basis for individualized assessments or for delineating between individuals who committed violent versus non-violent crimes," and that "[e]ven if he had, the defendant ha[d] not demonstrated that §922(g)(1) [was] unconstitutional as applied to him." Id. at *26 (citations omitted).

The defendant's objection hit the docket before June 21, 2024, the date on which the Supreme Court issued its decision in United States v. Rahimi, 602 U.S. ___, 144 S. Ct. 1889 (2024). The Rahimi Court addressed whether 18 U.S.C. §922(g)(8)—which prohibits the possession of firearms by persons subject to domestic violence restraining orders—infringed the Second Amendment. Id. at 1898. The Rahimi Court's discussion of the history of firearm regulations is instructive. "[T]he appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin [the Nation's] regulatory tradition." Id. The Rahimi decision showed that the inquiry is not as demanding as the defendant argues, requiring only consideration of "whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'applying faithfully the balance struck by the founding generation to modern circumstances.'" Id. (citing Bruen, 597 U.S. at 29).

None of the defendant's arguments convince this court that its ruling (and the rulings of the other judges in the Eastern District of Wisconsin) regarding facial challenges to §922(g)(1) is erroneous.

4

The defendant's as-applied challenge is underdeveloped. In his brief to Judge Duffin, he admitted that he has prior felony convictions: one in 2008 for delivery of less than a gram of cocaine, one in 203 for fleeing and eluding and one in 2017 for substantial battery. Dkt. No. 13 at 2. He emphasized that he received sentences of probation for the first two convictions and a one-year prison sentence for the third. Id. The only argument the defendant made to Judge Duffin that could be construed as an "as-applied" challenge is his argument that in Range v. Attorney General of the United States of America, 69 F.4th 96 (3d Cir. 2023), the Third Circuit held that the government must analogize groups historically prohibited from owning firearms to the individual defendant. Id. at 12. But on July 2, 2024, the United States Supreme Court vacated the *en banc* decision in Range and granted *certiorari*. Garland v. Range, No. 23-374, 2024 WL 3259661 (Mem) (July 2, 2024). The defendant did not provide Judge Duffin with any historical evidence regarding what the Founders would have viewed as a violent crime or any precedent for his proposition that the courts should look at the elements of the underlying felony charges. See McCaa, 2024 WL 2991332, at *24 (quoting Atkinson v. Garland, 70 F.4th 1018, 1024 (7th Cir. 2023) ("Even if the constitutionality of § 922(g)(1) can turn on individualized assessments of a person's dangerousness or violence, the defendant has not identified historical evidence regarding 'what the Founders would have viewed as a "violent" crime and what evidence they would consider in making that determination.'") Similarly, the defendant has provided this court with scant information regarding his prior convictions and has given the

5

court no basis on which it could determine that §922(g)(1) is unconstitutional as applied to him. See id.; Dkt. No. 13 at 2; Dkt. No. 22 at 4, 6 (asserting, without explaining, that the defendant's criminal history is different from the criminal history of the defendant in the Northern District of Illinois case from which the government incorporated a brief and disputing that he has engaged in any criminal conduct with the gun he is alleged to have possessed), 24 (making no mention of the defendant's specific history).

In addition to taking issue with the government seeking to incorporate by reference a brief in another case, the defendant objects to Judge Duffin's string cites to opinions from the courts in this district rejecting the same arguments the defendant makes here. Id. Judge Duffin did not err in this respect. First, defense counsel presented no arguments to Judge Duffin (or to this court) that he has not presented in prior cases before the undersigned and other judges in this district. In its eighty-eight-page decision in McCaa, in which the attorney who represents the defendant in this case represented Mr. McCaa, the undersigned addressed the same arguments the defendant's counsel raises in this case. Case No. 23-cr-008, Dkt. No. 79. Second, the defendant asks the court to follow the lead of the Third Circuit in Range, but as the court has recounted, the Supreme Court has vacated the Third Circuit's *en banc* decision in Range and remanded for further consideration in light of Rahimi. Range, 69 F.4th 96 (3d Cir. 2023) (*en banc*), cert. granted, judgment vacated by Garland v. Range, 2024 WL 3259661 (U.S. July 2, 2024)). In the absence of new arguments or new, controlling authority, the fact that the government declined

6

Case 2:24-cr-00018-PP    Filed 07/23/24    Page 6 of 7    Document 26

to re-create the wheel in its response to arguments that multiple defendants have made multiple times over the past year, and the fact that Judge Duffin declined to regurgitate the decisions of the judges in this district repeatedly rejecting those arguments, do not require this court to reject Judge Duffin's recommendation or to grant the defendant's motion to dismiss.

For the reasons explained in McCaa and the Supreme Court's most recent discussion of historical regulations in Rahimi, the court will adopt Judge Duffin's recommendation and deny the defendant's motion to dismiss.

The court **OVERRULES** the defendant's objections. Dkt. No. 24.

The court **ADOPTS** Judge Dries' recommendation. Dkt. No. 23.

The court **DENIES** the defendant's motion to dismiss Count One. Dkt. No. 13.

The court will separately communicate with the parties regarding the next steps in the litigation.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2024.

                                      **BY THE COURT:**

                                      _____
                                      HON. PAMELA PEPPER
                                      **Chief United States District Judge**